## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

MONICA MCCANTS,

    Petitioner,

v.                                            Case No. 1:19-cv-00184

WARDEN, FPC Alderson,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On March 14, 2019, Petitioner, an inmate housed at the Federal Prison Camp in Alderson, West Virginia ("FPC Alderson"), acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1) and a Memorandum in Support thereof (ECF No. 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is serving a 168-month term of imprisonment, imposed on May 24, 2013, for violations of 18 U.S.C. § 1962(d), Conspiracy to Participate in a Racketeering Enterprise, and 21 U.S.C. § 846, Conspiracy to Distribute and to Possess with Intent to Distribute a mixture containing Heroin, and Cocaine Base. (ECF No. 9, Ex. 1, Attach. A). Petitioner's current projected release date (the date on which she will complete serving her sentence with consideration for good conduct time) is February 23, 2024. (*Id.*, Attach.

B as updated by the BOP's inmate locator on www.bop.gov). Petitioner has been approved to enter the BOP's Residential Drug Abuse Program ("RDAP"). (*Id.*, Attach. C). However, she has been deemed ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e) because, at sentencing, she received a two-level specific offense characteristic ("SOC") enhancement to her guideline offense level for directing the use of violence in relation to her offenses pursuant to United States Sentencing Guidelines § 2D1.1(b)(2). (*Id.*, Attach. D).

In the instant petition, Petitioner challenges the BOP's determination that she is precluded from early release consideration pursuant to 18 U.S.C. § 3621(e) because of this SOC enhancement, when she claims she was otherwise convicted of non-violent offenses. (ECF No. 2 at 2-4). Petitioner further contends that only convictions may be considered when determining early release eligibility, that there was no evidentiary basis for the subject sentencing enhancement,[1] and that the BOP exceeded its authority in categorically excluding her from early release consideration. (*Id.* at 3-6). She further contends that she was unnecessarily required to exhaust administrative remedies. (*Id.* at 6).

On June 17, 2019, pursuant to the undersigned's Order, Respondent filed a response to the § 2241 petition (ECF No. 9), asserting that the BOP has discretion to determine eligibility for early release consideration pursuant to 18 U.S.C. § 3621(e) and that the determination that Petitioner is not eligible for early release consideration was correct under the BOP's regulations and program statements. Therefore, Respondent contends that Petitioner is not entitled to any relief and that the instant petition must be dismissed.

---

[1] Petitioner contends that the basis for this enhancement was a threatening telephone call she made from a correctional facility years before her instant convictions. (ECF No. 2 at 4). However, the propriety of the enhancement, which should have been challenged at her sentencing, is not properly before this court.

2

On July 18, 2019, Petitioner filed a reply brief (ECF No. 10) asserting that her predicate conspiracy offenses are vague, non-violent offenses; that her sentencing enhancement was improper and is distinguishable from those imposed in the cases cited by Respondent; and that her sentencing enhancement should not exclude her from early release eligibility consideration. Thus, she requests that the court require the BOP to grant her a one-year sentence reduction upon her completion of the RDAP program.

## **ANALYSIS**

In 18 U.S.C. § 3621(e), Congress incentivized inmates to participate in substance abuse treatment by granting the Director of the BOP the discretion to reduce the sentences of certain inmates by up to 12 months upon proper completion of RDAP. Specifically:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Thus, the statute sets forth two preconditions for a federal inmate to be considered for a sentence reduction: the inmate must have (1) been convicted of a non-violent offense; and (2) successfully completed a drug treatment program. *Id.* However, the statute does not define "non-violent offense." *Id.*

As noted by Respondent's brief, under § 3621(e) and its companion regulations, the BOP has broad discretion to administer the drug abuse treatment programs and to determine whether and how much of a sentence reduction should be granted if the inmate completes the program. Specifically, the procedures for the RDAP program are contained in 28 C.F.R. § 550.50 *et seq.*, and BOP Program Statements ("P.S.") 5330.11, Psychology

3

Treatment Program. 28 C.F.R. § 550.55(b)(5). Additionally, P.S. 5162,05 addresses the categories of offenses that exclude an inmate from eligibility for early release. It states:

> As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: * * * (5) Inmates who have a current felony conviction for: (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another; (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon . . . ; (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another . . . .

28 C.F.R. § 550.55(b)(5). Respondent contends Petitioner's "directing the use of violence" in relation to her offenses of conviction clearly "presents more than a mere risk of physical force against another because the infliction of physical force is the aim." Therefore, Respondent contends that Petitioner is correctly categorically excluded from early release eligibility based upon her SOC enhancement. (ECF No. 9 at 5). Respondent further contends that recent decisions of this court have upheld similar determinations by the BOP. *See Allen v. United States*, No. 5:10–cv–00711, 2013 WL 3216043, at *3-4 (S.D.W. Va. June 24, 2013) (finding that the express language of 18 U.S.C. § 3621(e) vests the BOP with broad discretion and that the BOP's interpretation of § 3621(e) is a reasonable and permissible construction of the statute); *Griffin v. Berkebile*, No. 5:10–0740, 2011 WL 4344024, at *3–4 (S.D.W. Va. Aug. 23, 2011) (proposed findings and recommendation) (same); *cf. Elkins v. Wands*, No. 12–cv–00743–PAB, 2012 WL 2524240, at *5-6 (D. Colo. June 29, 2012) (finding that the communication of threats presents a "serious potential risk of physical force against" persons or property and that BOP did not exceed its statutory authority in subsequently denying inmate RDAP early release benefit). (*Id.* at 5).

4

The Supreme Court has made clear that the permissive language of the statute grants the BOP "the authority, but not the duty" to grant early release to inmates who meet the criteria. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (affirming that the BOP may exclude inmates, either categorically or on a case-by-case basis, subject to its obligation to reasonably interpret the statute in a manner that is not arbitrary or capricious); *Pelissero v. Thompson*, 170 F.3d 442, 444 (4th Cir. 1999) (the BOP has broad discretion to grant a sentence reduction under § 3621(e)); *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) (Congress intended to vest BOP with discretion concerning whether to grant a sentence reduction to inmates who successfully complete a drug treatment program).[2] Petitioner has not demonstrated that the BOP abused or exceeded its discretion in deeming her ineligible for early release consideration based upon her sentencing enhancement.

Moreover, it is well-settled that inmates who successfully complete RDAP do not have a liberty interest in provisional early release. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence."); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000) ("The language of section 3621(e)(2)(B) is

---

[2] Petitioner's reply attempts to distinguish her case from those cited by Respondent on the basis that those prisoners received a firearms enhancement or their offenses involved explosive materials, while her crimes did not. However, as the program statement also excludes offenses that present a serious potential risk of physical force against a person or property of another, which is how the BOP characterized her SOC enhancement, this distinction appears to be of no moment. (ECF No. 10 at 1-3). Petitioner also relies upon other outdated caselaw that has been superseded by the revised regulations or non-precedential authority from other jurisdictions. Thus, the undersigned finds no need to discuss those cases herein. Finally, Petitioner wrongfully relies upon *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019) to assert that the BOP's regulation and program statement addressing ineligible offenses are void for vagueness. *See Sessions v. Dimaya*, 138 S. Ct. at 1212-13; *Beckles v. United States*, 137 S. Ct. 886, 892 (2017); *Wilborn v. Mansukhani*, 795 F. App'x 157, 165 (4th Cir. 2019); *Fagan v. Andrews*, No. 5:18-HC-2280-FL, 2020 WL 1528519, at *2 (E.D.N.C. Mar. 30, 2020) (The BOP's program statements and 28 C.F.R. § 550.55 are not subject to void-for-vagueness challenges).

permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."). Therefore, as Respondent contends, Petitioner has not demonstrated that she is entitled to early release or that she is in custody in violation of the Constitution, laws, or treaties of the United States.

Furthermore, 18 U.S.C. § 3625 clearly provides that discretionary decisions by the BOP under 18 U.S.C. § 3621 are not subject to judicial review under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). *See* 18 U.S.C. 3625; *see also, e.g., Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("[A]ny substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review."); *Standifer v. Ledezma,* 653 F.3d 1276, 1279 n.3 (10th Cir.2011); *Lopez v. Rios*, 553 F. App'x 610 (7th Cir. Feb. 13, 2014) (discretionary denial of early release after completion of drug treatment program not reviewable under APA). Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated any right to judicial review of the BOP's decision that she is ineligible for early release consideration, should she successfully complete the RDAP program (which she has not established that she has done). Therefore, there is no valid basis for the court to order that she receive a one-year reduction in her sentence.

Nor is there any merit to Petitioner's claim that she was erroneously required to exhaust administrative remedies prior to filing this petition. Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *McClung*

*v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (an inmate must exhaust administrative remedies before filing a § 2241 petition). Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required prisoners to exhaust their administrative remedies, absent futility thereof, before seeking habeas review under § 2241. *See, e.g., Timms v. Johns*, 627 F.3d 525, 530-33 (4th Cir. 2010) (requiring exhaustion in a § 2241 matter); *McClung*, 90 F. App'x at 445 ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being hauled into court. *Arbaugh v. Berkebile*, No. 5:10-cv-528, 2010 WL 5481198, at *3 (S.D.W. Va. Nov. 8, 2010), *report and recommendation adopted*, No. 5:10-cv-00528, 2011 WL 9387 (S.D.W. Va. Jan. 3, 2011) (citing *Jones v. Bock*, 549 U.S. 199, 204, (2007); *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)). Nonetheless, because the statute authorizing habeas corpus matters does not expressly require administrative exhaustion, the court retains discretion to disregard the exhaustion requirement in "pressing circumstances." *Reeder v. Phillips*, No. 1:07-cv-138, 2018 WL 243003, at *3 (N.D.W. Va. June 12, 2008). However, exhaustion should only be excused where administrative review would be futile. *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573 (N.D.W. Va. 2007). Thus, "as a general rule, courts will deny judicial relief until all administrative remedies have been exhausted[,] and exhaustion will not be considered futile, "[u]nless the agency is certain to rule adversely." *Reeder,* 2008 WL 2434003 at *2-3. While, as noted by Petitioner, some courts have excused exhaustion for the alleged futility of the exhaustion process, the undersigned cannot find such circumstances here, and Petitioner has not demonstrated any violation of her constitutional rights grounded in requiring her to exhaust her administrative remedies.

7

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

October 15, 2021

Dwane L. Tinsley
United States Magistrate Judge